IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH TILLERY | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 15-4799 |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE | : |

MEMORANDUM

KEARNEY, J.                                                                                          September 21, 2016

Joseph Tillery petitions for *habeas corpus* relief arising from an alleged "illegal" sentence following the Pennsylvania Board of Probation and Parole's 2012 decision to revoke parole and sentence him arising from a criminal conviction in Georgia while on parole. Magistrate Judge David R. Strawbridge issued a Report recommending we deny and dismiss Mr. Tillery's petition under 28 U.S.C. § 2254. After our analysis and after careful consideration of Judge Strawbridge's extensive analysis and Mr. Tillery's Objections, we adopt Judge Strawbridge's Report and Recommendation and deny and dismiss Mr. Tillery's *habeas* petition. Mr. Tillery's objections present no new issues forming a basis for relief. Courts have properly addressed his duplicative objections. Mr. Tillery did not satisfy the exhaustion requirements under § 2254(b)(1)(a), and this Court is barred from granting Mr. Tillery relief.[1] We also deny his conclusory motion for release and seeking $20,000,000 to address "future medical and mental health needs."

I. **Background**

In 1983, a Pennsylvania state court jury found Mr. Tillery guilty of third degree murder and the judge sentenced him to seven to twenty years.[2] Approximately six years later, the Commonwealth approved Mr. Tillery for parole and released him on August 15, 1989.[3] The

Commonwealth conditioned parole on no further crimes while on release or the Board of Parole could revoke and resentence him.[4]

The Commonwealth permitted Mr. Tillery to relocate to Georgia. The Georgia authorities agreed to supervise parole. On March 5, 2000, police in Georgia arrested Mr. Tillery for sexual assault of a minor and a Georgia jury convicted him on January 9, 2001. The Georgia judge sentenced him to a 12 to 30 year term of incarceration.[5] The Georgia authorities notified the Pennsylvania Board of Parole of this arrest but Pennsylvania authorities declined custody, permitting Mr. Tillery to serve his sentence for the sexual assault conviction in Georgia.[6]

On August 9, 2012, as the first release date on the Georgia conviction approached, Pennsylvania authorities notified Mr. Tillery of outstanding charges for violating his parole based on his criminal conviction in Georgia.[7] On August 21, 2012, Mr. Tillery signed a "Waiver of Revocation Hearing and Counsel / Admission Form" admitting his criminal conduct and conviction in Georgia violated his Pennsylvania parole. The authorities then recommitted Mr. Tillery to prison in Pennsylvania, and the Parole Board set August 15, 2025 as the new maximum date on his Pennsylvania conviction.[8]

After filing a number of appeals in Pennsylvania state courts challenging his reincarceration[9], Mr. Tillery seeks *habeas* relief challenging his detention under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. He also separately moves for release and payment of $20,000,000 for future medical and mental health needs.

**II.    Analysis**

Judge Strawbridge correctly analyzed the grounds to deny and dismiss Mr. Tillery's requested *habeas* relief.[10]

### A. Mr. Tillery failed to exhaust state remedies.

Unless certain and specific circumstances are presented, we cannot grant *habeas* relief to a state prisoner unless the prisoner complied followed the procedures in Pa. Code § 73.1(b).[11] We require Mr. Tillery afford the state court a fair opportunity to review his allegations of constitutional error before seeking relief in the federal court.[12]

Judge Strawbridge identifies Mr. Tillery's attempts to perfect his appeal. After denials of his petition to review his alleged "illegal" detention, Mr. Tillery ultimately had a final filing deadline of April 11, 2014 for filing an allowance of appeal to the Pennsylvania Supreme Court.[13] After being advised of this deadline, Mr. Tillery did not attempt to file an allowance of appeal until June 2014. As a result, Mr. Tillery procedurally defaulted and did not satisfy the exhaustion requirement under § 2254.

Notwithstanding a procedural default based on a missed filing deadline, we may review and revive a claim on the merits if Mr. Tillery can "show a cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."[14] Mr. Tillery must also show that an "objective external factor" caused the claim from being presented in state court.[15]

Judge Strawbridge correctly finds Mr. Tillery does not meet this requirement. Mr. Tillery missed the April 11, 2014 filing deadline with the Pennsylvania Supreme Court and offers no evidence to revive the claim. A defaulted habeas claim may also reviewed "if the failure to review the claim would result in a fundamental miscarriage of justice."[16] This is an extremely high burden to satisfy, and is reserved for cases in which the petitioner/defendant is more likely than not innocent of the underlying crime itself.[17]

As found by Judge Strawbridge, Mr. Tillery does not satisfy the extremely high burden required by the Supreme Court in *Bell*. Mr. Tillery presents no credible evidence contradicting or tending to show an impropriety in the 1983 guilty verdict. Mr. Tillery seemingly questions the legitimacy of his Georgia conviction. The Georgia conviction is not before this Court and has no bearing on Judge Strawbridge's finding.

### B. Mr. Tillery's claims otherwise lack legal merit.

Notwithstanding his failure to exhaust, we will review Mr. Tillery's claim the reincarceration in Pennsylvania for a parole violated amounted to a form of double jeopardy in violation of the Fifth Amendment.[18] Mr. Tillery argues the Board of Parole, as an administrative agency, lacked the power to "sentence him", and the law does not permit a sentence for a "new" prison term expiring in 2025 when his original sentence had a maximum date of 2002.[19] Judge Strawbridge correctly finds these arguments do not suffice.

Pennsylvania's recommitment of Mr. Tillery for violating his parole does not violate Fifth Amendment protections against double jeopardy. Judge Strawbridge correctly found parole revocation proceedings are wholly separate from criminal proceedings, and double jeopardy concerns do not apply.[20]

Mr. Tillery also contends he is serving an "illegal / wrongful sentence" because he believes the Parole Board lacks authority, as an administrative agency, to sentence him to serve him to serve time beginning in 2012 on a sentence the Pennsylvania court thought would expire in 2002. Mr. Tillery suggests any Board authority expired when the Board did not seek his reincarceration until twelve years after his arrest and conviction in Georgia.

In correctly dismissing these claims, Judge Strawbridge relies upon *Smith v. Pennsylvania Board of Probation and Parole* [21](), the facts of which Mr. Tillery's claim.[22]

Pennsylvania authorities timely notified Mr. Tillery of his arrest in Georgia violating his parole terms in Pennsylvania. The delay in recommitting him in a Pennsylvania prison does not factor into this determination under 37 Pa. Code § 71.5: "[i]f the parolee is in custody in another state, or in Federal custody, the Board may lodge its detainer but other matters may be deferred until the parolee has been returned to a State correctional facility in this Commonwealth."

### C. We deny a certificate of appealability.

Our Local Appellate Rule 22.2 provides we determine whether to issue a certificate of appealability after denying a *habeas* petition. We do not issue a certificate of appealability unless the petitioner demonstrates jurists of reason would find debatable whether the petition states a valid claim for the denial of a constitutional right.[23] As to the claims that are dismissed on procedural grounds, the petitioner bears the additional burden of showing jurists of reason would also debate the correctness of the procedural ruling.

For reasons more fully described by Judge Strawbridge and the strong legal reasoning for denying Mr. Tillery's claims leaving no room for debate amongst reasonable jurists, we decline to issue a certificate of appealability.

### D. We find no basis to release based on speculative future health concerns.

Mr. Tillery alternatively seeks immediate release and $20,000,000 to "address future medical and mental health needs" claiming he has been sterilized. He offers no evidence and we cannot address money damages in a *habeas* proceeding.[24] We deny his request without prejudice should he believe, in good faith, to have a claim under 42 U.S.C. §1983 regarding his medical care or condition while incarcerated in the state correctional institution.

5

### III. Conclusion

Judge Strawbridge's comprehensive Report and Recommendation properly address Mr. Tillery's claims. As we independently find, Mr. Tillery's claims lack merit. In the accompanying Order, we: deny his *habeas* relief and dismiss his claim; find no basis for a certificate of appealability; and, deny his separate unsupported conclusory request for money damages.

---

[1] We may review a defaulted *habeas* claim on the merits in an "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. 478, 788 (1986). Mr. Tillery presents no credible evidence of his actual innocence, and we will not review his claim under this narrow exception.

[2] *See* ECF Doc. No. 14, Report & Recommendation at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] *Id.* The Pennsylvania Parole Board filed a warrant on September 15, 2000 in response to his arrest in Georgia, but declined to then proceed further in obtaining custody.

[7] *Id.* at 3.

[8] *Id.* Pennsylvania authorities did not credit Mr. Tillery for time at liberty under a Pennsylvania Law providing "the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and except as provided under paragraph 2.1, shall be given no credit for the time at liberty on parole." *See* 61 P.S. § 6138(a)(2).

[9] *See* ECF Doc. No. 14 at 4-5.

[10] *Id* at 6-7.

[11] *See* ECF Doc. No. 14 at page 8 for an overview of this procedural process.

[12] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

[13] ECF Doc. No. 14 at 8-9.

[14] *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

[15] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[16] *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

[17] *See e.g. House v. Bell*, 547 U.S. 554 (2006).

[18] *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[19] ECF Doc. No. 14 at 12.

[20] "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. . .[p]arole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972); *see also Godfrey v. DiGuglielmo*, No. 06-150, 2008 WL 819006, at *6 (E.D. Pa. Mar. 25, 2008) (rejecting double jeopardy claim challenging the Board's revocation of parole and reincarceration, ". . . the law is clear that the Double Jeopardy Clause does not apply to such proceedings.").

[21] 570 A.2d 597, 600 (Pa. Commw. 1990).

[23] *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

[24] *See Preiser v. Rodriquez*, 411 U.S. 475 (1973).